HEZEKIAH BISSELL AND OTHERS *vs.* ELIPHALET BECKWITH
AND OTHERS.

Objection to a bill in equity as multifarious can be taken only by demurrer.

Where a bill in equity against three respondents alleged a fraudulent combination among them to obtain certain land and a certain bond and mortgage, and sought a reconveyance of the land by one of the respondents who held the legal title, and an injunction against the further prosecution of an action of trover for the bond and mortgage by another of the respondents who held an assignment of the same, it was held that the bill was not multifarious.

And where the court found the fraudulent combination of the three respondents with regard to the land, but that one of the respondents was not in the combination with regard to the bond and mortgage, it was held to be no objection to the granting of the relief sought with regard to both.

Held also, that though the facts set up in the bill might be used in defending against the action of trover, yet that equity would not refuse its aid unless the remedy afforded thereby was fully adequate.

BILL IN EQUITY, brought by the petitioners as legatees and devisees under the will of Abbie H. Beckwith, deceased, against Elias H. Beckwith, her husband, and Eliphalet and Eunice Beckwith, brother and mother of the said Elias, to compel the said Eunice to convey to them certain real estate alleged to have been obtained from the said Abbie by a fraudulent combination of the respondents and which stood in the name of said Eunice, and for an injunction against the prosecution by the said Eliphalet of an action of trover for a certain bond and mortgage belonging to the said Abbie, and of which, under the same fraudulent combination, the said Elias had made an assignment to the said Eliphalet.

The case was referred to a committee, who found that the real estate was fraudulently obtained from the said Abbie by a combination of all the respondents, it having been first conveyed to the said Eliphalet, and afterwards under the same fraudulent combination by the said Eliphalet to the said Eunice, no consideration having been paid for either conveyance. And with regard to the bond and mortgage, the committee found as follows:—That said Abbie, at the time of her marriage with the said Elias, was the owner and holder of

the bond and mortgage, the bond being executed by one Uzziel Bridges; and the mortgage (which was of land in Geneseo, in the state of New York) by said Uzziel and his wife, the same having been given to secure a loan by said Abbie to said Uzziel, of $1000 and interest, and being payable to her by her maiden name of Abbie H. Cone, and bearing date March 9, 1853, and the interest thereon payable annually; that subsequently to her marriage, and before any interest on the bond fell due, with the consent of her husband she sent the bond and mortgage to her uncle, Alvenus Cone, of Geneseo, who retained the same until some time in the month of December, 1860, when, at her request, and having been informed of the trouble between her and her husband, he, by her direction, but without the knowledge of her husband, placed the bond and mortgage in the hands of Hezekiah Bissell, one of the petitioners, in trust for her, where the same has ever since remained; that before this was done said Elias had repeatedly expressed his willingness that she should have this bond and mortgage to do what she pleased with it, and that the same had never been treated as his, and when the interest thereon had been collected, it had always been collected for her by said Cone, and sent to her in checks payable to her order, and this by her direction, with the knowledge and without the dissent of her husband; that shortly after the bond and mortgage had been placed in the hands of said Bissell, said Elias, not knowing this, notified said Cone that he claimed the bond and mortgage, but nothing further was done with regard thereto until the 30th of April, 1861, when said Elias, with a view to appropriate the same to his own use and deprive the said Abbie of the disposition thereof, and deprive of the same those who might otherwise claim the same under her will, made an assignment thereof by a separate written instrument to said Eliphalet, and the said Eliphalet accepted the assignment to aid said Elias in his object in respect to the same. The assignment was without any consideration. It was duly recorded in the state of New York and notice of it at once given to the obligor; but the fact of the assignment was never made known to said Abbie,

nor did it come to her knowledge or to that of said Bissell until some time after her death. Subsequently to her death said Eliphalet brought an action of trover against said Bissell for an alleged conversion of the bond, and claiming title to the same, which action was returnable to the term of the superior court to be held at Norwich, in the county of New London, on the 3d Tuesday of November, 1861, and the same is still pending, and prosecuted by said Eliphalet.

The report having been accepted by the superior court, the respondents made sundry objections to the decree asked by the petitioners, and the question as to what decree should be passed was reserved for the advice of this court. The objections appear in the briefs of the respondents' counsel.

*Halsey* and *A. P. Hyde,* for the petitioners.

Although the bill seeks relief in respect to two distinct parcels of property, one real and the other personal, yet the right of the petitioners to both is derived from the same will, and the fraudulent acts of the respondents were committed in furtherance of one common object, to defraud the petitioners of their rights under that will. This bill is therefore not multifarious. 1 Daniell Cha. Prac., 345 ; *Sears* v. *Carrier*, 4 Allen, 341 ; *Dimmock* v . *Bixby*, 20 Pick., 368 ; *Nelson* v. *Hill*, 5 How., 127. Even if it were liable to that objection, advantage can be taken of it only by demurrer. 1 Daniell Cha. Prac., 352 ; Story Eq. Pl., §§ 284, 284a. The committee have found that the deed given by Mrs. Beckwith was procured from her by fraud, and that neither Eliphalet nor Eunice Beckwith paid any consideration, but each took the deed to aid Elias in defrauding his wife and her devisees of the land. The title to this real estate therefore, in equity at least, remained in Mrs. Beckwith at her death, and vested in her devisees under the will. For the purpose of removing this cloud from their title, and to prevent the apparent legal title from being used to the injury of the equitable owner, a court of equity will declare the conveyances to be void, and set them aside, and that the legal title shall vest in the devisees under the will. Willard's Eq., 303 ; 2 Sto. Eq. Jur.,

§ 700 ; *Piersoll* v. *Elliott,* 6 Peters, 95. The committee also find that Elias Beckwith made a pretended assignment of the bond and mortgage to Eliphalet, for the purpose of depriving his wife and her legatees of the same, and that Eliphalet paid no consideration therefor, but took the assignment to aid Elias in this fraudulent purpose. In this state choses in action of the wife survive to her representatives and do not go to the husband unless reduced to possession by him in her life time. *Baldwin* v. *Carter,* 17 Conn., 201. This bond was not reduced to possession by the husband. *Tuttle* v. *Fowler,* 22 Conn., 58 ; 1 Daniell Cha. Prac., 113 ; 2 Kent Com., 121; *Page* v. *Estes,* 19 Pick., 269. The bond was not in possession of the husband and there was no delivery of it to his assignee. 1 Parsons on Cont., 197; *Woodbridge* v. *Perkins,* 3 Day, 364, 377 ; *Judah* v. *Judd,* 5 Day, 534, 536. The committee find that Beckwith treated the bond as hers, and suffered her to control it and authorized her to dispose of it, and in consequence of this she did dispose of it by causing it to be placed in the hands of Mr. Bissell in trust for herself. This gave her an equitable title to the bond, and equity will restrain him from using his legal title to deprive her or her representatives of the property. *Deming* v. *Williams,* 26 Conn., 226 ; *Jennings* v. *Davis,* 31 id., 134 ; *Smith* v. *Chapell,* id., 589 ; *Stanwood* v. *Stanwood,* 17 Mass., 57 ; *Adams* v. *Bracket,* 5 Met., 280 ; 2 Story Eq. Jur., §§ 955, 1380. This assignment is now being used to defraud the legatees of their just rights. It has been recorded in New York where the mortgage is recorded. Notice has been given to the debtor to prevent his paying the mortgage debt, and it is also made the foundation of the action of trover now pending in this county to procure possession of the bond itself. As this assignment is on its face a valid conveyance of the bond and mortgage, a court of equity will interfere, and by decree declare the assignment null and void, and set it aside ; and will enjoin the respondents from further prosecuting the suit to obtain possession of the bond from the trustee, and from using the assignment to the injury of the petitioners. Willard's Eq., 303 ; 2 Story Eq. Jur., § 700 ; *Lavetle* v. *Sage,* 29 Conn., 577.

*Hovey* and *Wait*, for the respondents.

Where a bill contains two distinct subject matters wholly unconnected with each other, and is open therefore to objection for multifariousness, yet if one of them be clearly without the jurisdiction of a court of equity for redress, the court will treat the bill as if it were single, and proceed with the other matter over which it has jurisdiction as if it constituted the sole object of the bill. And in such a case the defendant may, at his election, answer to the matter within the jurisdiction of the court and demur to the other for want of equity, or answer to both, and make the exception to the want of equity in the latter at the hearing. Story's Eq. Pl., § 283, note 3; 1 Daniell Cha. Prac., 573, note 2. The bill in this case contains two distinct subject matters, wholly unconnected with each other. One relates to the deeds of real estate, and the other to the bond and mortgage. The former is admitted to be within the jurisdiction of a court of equity; but the latter is clearly without the jurisdiction of such a court, unless there was a fraudulent combination and conspiracy between the defendants Elias H. Beckwith, Eliphalet Beckwith and Eunice Beckwith, to defraud Abbie H. Beckwith of the real estate, and deprive her of the bond and mortgage, as charged in the bill. The finding of the committee however shows that the defendant Elias H. Beckwith attempted to reduce the bond and mortgage to possession by assigning them to the defendant Eliphalet Beckwith, as he had a legal right to do, but that he failed in the attempt because he received from Eliphalet Beckwith no valuable consideration therefor. *Tuttle* v. *Fowler*, 22 Conn., 58. But it does not show that there was a fraudulent combination and conspiracy among the defendants, Elias H., Eliphalet and Eunice Beckwith, to defraud Abbie H. Beckwith of the bond and mortgage. The interposition of a court of equity, by an injunction, to restrain the defendant Eliphalet Beckwith from the prosecution of his action of trover against Hezekiah Bissell, one of the petitioners, is not necessary for the protection of the latter, because he has a perfect defence to that action, if the facts alleged in the bill can be established to the satisfaction of the jury that

may try it. But if such interposition were necessary, the petitioners in this bill are not the proper parties to ask for it. *West* v. *Howard*, 20 Conn., 581 ; *Hawley* v. *Burgess*, 22 id., 284.

McCURDY, J. The report of the committee having been accepted and established on the former trial, there is now no question on the merits of the case. But there is an attempt to arrest its course, so far at least as the bond and mortgage are concerned, by special objections.

The respondents aver that the petition embraces a claim of title to land, and also to a bond and mortgage, which have no necessary connection with each other, and in relation to which the facts and parties are different, and that the bill is therefore multifarious. Even if it were so the objection should have been taken on demurrer. But we think it is without force. The petitioners claim to hold the land and bond and mortgage by the same title ; there is the same charge of a fraudulent combination in reference to both ; the parties to the fraud are the same, (with the exception of Mrs. Beckwith who is not proved to have been connected with the bond and mortgage) ; and the object of the bill is to establish the right of the petitioners to the whole property.

It is not denied that a decree must pass in their favor in regard to the land, but as to the bond and mortgage it is urged that the court of equity has no jurisdiction. The first ground is that the combination was not found against Mrs. Beckwith. But it is not necessary, so far as jurisdiction is concerned, to establish the connection of all who are charged with a combination. Proof against a part is sufficient. The second ground is that an injunction is not required to restrain the action of trover for the bond, as upon the facts found there is a complete defence at law.

We think the remedy is manifestly inadequate. Whatever may have been the right of the husband to reduce the bond to possession, he had not done it. He had no possession and there was no delivery of it to the assignee. On the other hand he had admitted that it was the separate property of his

wife, and had treated it as such, and held it as a trustee for her. Her equitable title is complete and a court of chancery is bound to protect it. 2 Story Eq. Jur., § 955. But the assignment by him is on its face good and effective. It is recorded in the state of New York in the same place as the bond and mortgage. The payment to the true owner is stopped. An uncertainty exists in respect to the title. It is within the power, and we think it is the duty of this court, to set aside the attempted conveyance and to enjoin the party against pursuing the action at law. The petitioners are the parties immediately interested. The superior court should be advised accordingly.

In this opinion the other judges concurred.

---

# SUPREME COURT OF ERRORS.

## MIDDLESEX COUNTY, MARCH TERM, 1866.

### Present,

HINMAN, C. J., BUTLER, McCURDY, PARK AND CARPENTER. Js.